IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

CORNELIUS GREEN,

Defendant.

3:20-CR-310
(JUDGE MARIANI)

## MEMORANDUM & ORDER

On December 20, 2020, Defendants Steven Wong, Cornelius Green, William Murphy, and Odaliz Wong were charged in a multi-count indictment as follows:

- Count 1: Kidnapping in violation of 18 U.S.C. § 1201(a)(1) against Defendants Steven Wong, Cornelius Green, and William Murphy;

- Count 2: Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) against Steven Wong;

- Count 3: Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) against Cornelius Green;

- Count 4: False Statement During Purchase of a Firearm in violation of 18 U.S.C. § 922(a)(6) against Odaliz Wong.

(Doc. 1).

The time for the filing of dispositive motions has now expired as to all defendants in this action. Pending before the Court are Defendant Green's "Motion for Bifurcation/ Severance" (Doc. 120) and "Motion for Relief from Misjoinder & Prejudicial Joinder (Fed.

Crim. P. 8 & 14)" (Doc. 121).[1] On March 2, 2022, the Government filed a "Response to Defendant's Pre-Trial Motions" (Doc. 125). Defendant Green did not file a Reply brief and the motions are now ripe for resolution.

Defendant Green's Motion for Relief from Misjoinder & Prejudicial Joinder (Fed. Crim. P. 8 & 14) (Doc. 121) requests that the Court "sever the trial of the government's kidnapping allegations against Green/S. Wong/Murphy [Count 1] from the trial of the firearms charges against the various defendants" and further that the Court "sever the trials of the charge against O. Wong [Count 4] from any trial involving Green [Counts 1 and 3]." (Doc. 122, at 4).

In relevant part, Federal Rule of Criminal Procedure 8 provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). As explained by the Third Circuit Court of Appeals:

> Joint trials of defendants named in a single indictment are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986) (internal marks omitted). Nonetheless, joinder of defendants under Rule 8(b) is a stricter standard than joinder of counts against a single defendant under Rule

---

[1] Defendant Green also filed a "Motion to Suppress Statements Obtained in Violation of *Miranda*" (Doc. 114), "Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment to the United States Constitution" (Doc. 116), and "Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment to the United States Constitution" (Doc. 118). Those motions will be addressed by separate order.
None of Defendant Green's co-defendants filed any pre-trial motions, and the time for doing so has passed.

> 8(a). It is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in "the same act or transaction, or in the same series of acts or transactions," Fed.R.Crim.P. 8(b), before joinder of defendants in a multiple-defendant trial is proper, [*United States v. Irizarry*, 341 F.3d 273, 287 n. 4 (3d Cir. 2003)].

*United States v. Jimenez*, 513 F.3d 62, 82-83 (3d Cir. 2008). See also, *United States v. Lacerda*, 958 F.3d 196, 224 (3d Cir. 2020) ("For joinder of Manzoni's cases to have been proper under Rule 8(b), they either would have had to originate 'in the same act or transaction,' or have otherwise been integral to one another.") (citing *United States v. Riley*, 621 F.3d 312, 334 (3d Cir. 2010)). Nonetheless, although unlike Rule 8(a), Rule 8(b) does not expressly permit the joinder of acts that are only of "the same or similar character", courts have explained that "Rule 8(b)'s terms are broadly construed so that a 'transactional nexus,' . . . or a logical relationship between charges, is all that is required for them to be considered part of the same 'transaction.'" *United States v. Adens*, 2015 WL 894205, *1 (E.D. Pa. 2015). See also, *United States v. Hills*, 2009 WL 246175, *1 (E.D. Pa. 2009) ("For instance, all that is required for charges to be considered part of the same 'transaction' is that there is a logical relationship between them."); *United States v. Torner*, 2018 WL 3546561, *3 (M.D.Pa. 2018) ("there is not a misjoinder under Rule 8 if 'the temporal proximity of and substantive similarities between the [two sets of charges] render them sufficiently related as to have the 'transactional nexus' required for joinder.'")(quoting *Adens*, 2015 WL 894205, at *3).

The party challenging the joinder bears the burden of establishing the improper

3

joinder. *United States v. Avila*, 610 F.Supp.2d 391, 394 (M.D. Pa. 2009). In determining whether offenses or defendants are properly joined, a Court should focus upon the Indictment. *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003). Additionally, "[t]rial judges may look beyond the face of the indictment to determine proper joinder in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted." *United States v. McGill*, 964 F.2d, 222, 242 (3d Cir. 1992) (citing *United States v. Serubo*, 460 F.Supp. 689, 693 (E.D. Pa. 1978), *vacated on other grounds*, 604 F.2d 807 (3d Cir. 1979)).

In the present action, following the filing of Defendant Green's Motion for Relief from Misjoinder & Prejudicial Joinder (Fed. Crim. P. 8 & 14) (Doc. 121), Defendant's counsel filed a "Notice re: Concurrence" stating that the Government concurs in the motion "to the extent that it requests bifurcation/severance of the trial of the government's kidnapping allegations against Mr. Green/Steven Wong/William Murphy (Count 1) from the trial of all other charges in the indictment (Counts 2-4)", (Doc. 124).

Defendant's Notice of concurrence is echoed in the Government's Response to the Defendant's pre-trial motions. In the Response, the Government concedes that the charges in Count 1 and Count 3 "are not similar in character, are not based upon the same act or transaction, and [that the Government] cannot prove that they are connected as part of a common scheme or plan." (Doc. 125, at 2). As a result of the Government's concession

4

and its concurrence in the request that Count 1 be severed from the other charges set forth in the Indictment, the Court will grant the motion to sever Count 1 of the Indictment from Counts 2, 3, and 4.

However, Defendant Green has failed to carry his burden of establishing that the joinder of Count 3, charging Defendant Green with unlawful possession of a firearm, and Count 4, alleging Defendant Odaliz Wong made false statement(s) during the purchase of a firearm, is improper.[2] In support of his request for severance of Counts 3 and 4, Defendant only argues that the Indictment "does not link the alleged firearm offense of Mr. Green with that of Odaliz Wong, other than to specify that the respective alleged offenses occurred on the same date." (Doc. 122, at 4). This statement ignores other allegations set forth in the Indictment. Specifically, Count 2 of the Indictment, which Defendant Green does not request be severed from Count 3, alleges that on or about July 1, 2020, in Schuylkill County, Steven Wong "knowingly possessed" the following firearms:

1. Springfield Armory, model Hellcat, 9mm pistol, S/N BY217966;

2. Smith & Wesson, Model M&P 9 Shield, 9mm pistol, S/N JAZ9017;

3. Glock, model G30, .45 caliber pistol, S/N BNNV340, and

4. Kel-Tec, Model RFB 18, caliber .308, semi-automatic rifle, S/N T4R70.

---

[2] The Government's Response to Defendant's pre-trial motions inexplicably fails to address Defendant's request that the firearm charge against O. Wong, set forth in Count 4, be severed from the firearm charge against Mr. Green in Count 3.

5

(Doc. 1, at 2). Count 4 of the Indictment charges Odaliz Wong with providing a false statement on or about July 1, 2020, in Schuylkill County, in connection with the acquisition of three of the four firearms set forth above, specifically, the Smithfield Armory, the Smith & Wesson, and the Glock. (*Id.* at 4). Count 3 of the Indictment charges Defendant Green with unlawful possession of the fourth weapon, to wit, the Kel-Tec, on or about July 1, 2020, in Schuylkill County. (*Id.* at 3).

Furthermore, a review of the Affidavits in Support of an Application for a Search Warrant, signed by AFT Agent Michael McKinney, provide context for the Court when considering the present motion.[3] According to the Affidavits in Support of an Application for a Search Warrant, signed by AFT Agent Michael McKinney, surveillance video obtained from Schuylkill Gun Works store on July 1, 2020, shows that Defendant Green was present at the gun store when Odaliz Wong completed the paperwork to buy the three guns which she is charged with unlawfully purchasing. (*See* Doc. 116-4, ¶ 8-13; Doc. 118-5, ¶ 6-11). The surveillance video allegedly shows that Mr. Green was entered the store with Odaliz Wong and Steven Wong and was interacting with Steven Wong while the paperwork was

---

[3] Mr. Green has filed two motions to suppress evidence which challenge Mr. McKinney's applications for search warrants for Mr. Green's residence and his cell phone. (*See* Docs. 116, 118). In support of the motions to suppress evidence (Docs. 116, 118), Defendant submitted to the Court Agent McKinney's Affidavits in Support of an Application for a Search Warrant. Because the Government has stated that it does not intend to introduce the evidence obtained as a result of the search warrants, the merits of Defendant's motions to suppress have not been addressed by this Court. However, neither of the suppression motions challenges, or avers, that Mr. McKinney's description of the Schuylkill Gun Works surveillance footage is in any way inaccurate or misleading. The Court looks to Mr. McKinney's Applications solely for context in determining the factual allegations underlying the charges brought against the defendants in this case.

being completed by Ms. Wong. (*See e.g.* Doc. 116-4, ¶ 12 ("at approximately 12:30PM, [O. Wong and S. Wong] leave the store, and re-enter about one minute later with Cornelius Green. Wong and Green immediately go to the area of the counter with the rifles described above. . . . This occurs while Odaliz is seen working on the required forms again."); Doc. 118-5, ¶ 10).

The Court finds that the charges against Green, S. Wong, and O. Wong, and the four firearms at issue in Counts 2-4, specifically the Smithfield Armory, the Smith & Wesson, the Glock, and the Kel-Tec, are all part of "the same act or transaction, or in the same series of acts or transactions", Fed. R. Crim. P. 8(b). A logical relationship and close temporal proximity clearly exist between the charges in Counts 2, 3, and 4 where the three defendants were allegedly all in the same location, at the same time, on July 1, 2020, engaging in jointly undertaken activities, and the charge against S. Wong plainly links the charges against Green and O. Wong.

For these reasons, Defendant Green has failed to set forth sufficient factual or legal support for his passing request that the Court "sever the trials of the charge against O. Wong from any trial involving Green" (Doc. 122, at 4). As a result of Defendant's failure to meet his burden of establishing improper joinder, the Court will deny Defendant's motion to sever Counts 3 and 4 of the Indictment pursuant to Rule 8(b).

Nonetheless, this does not end the Court's inquiry. Even if offenses are properly joined under Rule 8(b), Federal Rule of Criminal Procedure 14 permits courts to order

7

separate trials or devise other relief if the joinder appears to prejudice a defendant.

> If the joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). When determining whether to sever counts, "[t]he trial judge is best situated to weigh possible prejudice to the defendant against interests of judicial economy." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). "Mere allegations of prejudice are not enough; and it is not sufficient simply to establish that severance would improve the defendant's chance of acquittal. . . . Rather, [the defendant] must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." *Id.* (internal citations omitted). Rule 14 places the "heavy" burden of demonstrating "clear and substantial prejudice" on the defendant seeking severance. *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991). Even if there is a risk of prejudice, a district court has discretion to fashion an appropriate remedy short of severance, such as limiting instructions to the jury. *Zafiro v. United States*, 506 U.S. 534, 538-539 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion") (citations omitted).

Here, Defendant Green admits that "at this time [he] lacks a basis for a motion for severance that would demonstrate the requisite" standard. (Doc. 122, at 5). Rather, Defendant Green seeks to preserve his right to "seek relief from the prejudicial joinder if and when a basis presents itself. . ." (*Id.* at 6). In light of Defendant's admission that, at this

8

time, he lacks a basis for requesting severance pursuant to Rule 14, and that his request is premature, the Court will deny Defendant's motion pursuant to Rule 14 without prejudice to the renewal of such a motion prior to trial should a proper basis arise.

Finally, Defendant Green also filed a motion requesting that the charges against him in Counts 1 and 3 be bifurcated in order to avoid prejudice. (Doc. 120). Although the Government concurred in Defendant's Motion for Bifurcation/Severance (Doc. 120-1), as a result of the Court's severance of Counts 1 and 3, *supra*, Defendant's Motion for Bifurcation/Severance (Doc. 120) is now moot.

**ACCORDINGLY, THIS** \_\_28th\_\_ **DAY OF MARCH, 2022**, upon consideration of Defendant Green's pre-trial motions (Docs. 120, 121), **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Relief from Misjoinder & Prejudicial Joinder (Fed. Crim. P. 8 & 14) (Doc. 121) is **GRANTED IN PART AND DENIED IN PART as follows:**

    a. Defendant's request to sever Count 1 from the remaining Counts in the Indictment (Counts 2-4) pursuant to Fed. R. Crim. P. 8(b) is **GRANTED**.

    b. Defendant's request to sever Count 3 and Count 4 pursuant to Fed. R. Crim. P. 8(b) is **DENIED**.

    c. Defendant's request for severance pursuant to Fed. R. Crim. P. 14 is **DENIED WITHOUT PREJUDICE**.

2. Defendant's Motion for Bifurcation/Severance (Doc. 120) is **DEEMED MOOT**.

3. Trial on Count 1 of the Indictment, charging Defendants Green, Murphy, and S.

Wong with kidnapping, will be scheduled separately by the Court from trial on Counts 2, 3, and 4 of the Indictment, which charges Defendants Green, S. Wong, and O. Wong with firearms offenses.

_____
Robert D. Mariani
United States District Judge